***********
The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Harris and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission REVERSES the Decision and Order of the Deputy Commissioner.
 ***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Stipulated Exhibit 1: Executed Pre-Trial Agreement
2. Stipulated Exhibit 2: DVD of surveillance camera footage *Page 2 
3. Stipulated Exhibit 3: 11 still photograph outtakes from surveillance camera footage
4. Stipulated Exhibit 4: Plaintiff's medical records
5. Stipulated Exhibit 5: Incident investigation reports and witness statements
6. Stipulated Exhibit 6: Mental Health Services referral forms
7. Stipulated Exhibit 7: Photographs of various views from cells
8. Stipulated Exhibit 8: Grievance documents
9. Stipulated Exhibit 9: Report of Accident to Inmate
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner in the executed Pre-Trial Agreement as:
 STIPULATIONS
1. All parties are properly before the court, and the court has jurisdiction over the parties and the subject matter.
2. The incident that provides the basis for this action occurred on April 3, 2007 at Foothills Correctional Institution in Morganton, North Carolina.
3. On April 3, 2007, Correctional Officer Sergeant Marc Dunn, Correctional Officer Robert White and Nurse Sheila McCoy were employees of the North Carolina Department of Correction, and all actions taken by any of them pertinent to this action were in the course of said employment.
4. On April 3, 2007, Plaintiff was an inmate of Defendant, housed at Foothills Correctional Institution in Morganton, North Carolina. *Page 3 
5. On April 3, 2007, Jonathan Clark was an inmate of Defendant, housed at Foothills Correctional Institution in Morganton, North Carolina.
 *********** ISSUE
Plaintiff filed an Affidavit alleging that, through Defendant's negligence, Plaintiff was injured when officers failed to assist him and he fell down stairs while handcuffed with his hands behind his back.
 ***********
Based upon all the competent evidence of record, the Full Commission engenders the following:
 FINDINGS OF FACT
1. On the date of the incident in this claim, Plaintiff was housed in close custody in F Unit at the Foothills Correctional Institution.
2. On the date of the incident, Plaintiff was charged with engaging in gang-related activities and was to be placed in administrative segregation pending a disciplinary hearing on the charges.
3. That morning, Officer White went to Plaintiff's cell to take him to segregation.
4. When Officer White came to get him, Plaintiff knew about the gang-related charges against him. Sgt. Dunn had already told Plaintiff that, if he were to be found guilty of those charges, he would be identified as an STG ("Security Threat Group") inmate. Sgt. Dunn had further told Plaintiff that STG status would involve a substantial period of intensive control, which is essentially solitary confinement. The prospect of being designated an STG inmate and *Page 4 
being put in intensive control gave Plaintiff substantial motivation to try to thwart the disciplinary process.
5. Plaintiff was irate about the charges against him and at first refused to comply with Officer White. However, Plaintiff agreed to comply after the unit manager spoke with him and told him there would be a full investigation.
6. After the unit manager left, Plaintiff did as Officer White directed and gathered his personal property into a bed sheet, which he then used as an improvised sack. Plaintiff then submitted to being handcuffed behind his back and left the cell, dragging the sack of his personal property behind him as directed.
7. Plaintiff's cell was on the second floor of the dormitory. To reach the segregation cell, which was on the first floor, Plaintiff had to walk down a hallway, which is about three feet wide and 50 feet long, to reach the stairs to the first floor. To access the stairs, he had to turn right, off of the hallway, onto a platform that is about three feet by three feet, from which the stairs lead down.
8. The stairs down to the first floor appear to have a normal incline and contain about 15 steps.
9. At about 9:37 a.m., Plaintiff made his way down the hallway, dragging his sack behind him, with his hands cuffed behind his back. He did not have any other restraints on, such as leg chains. He was followed closely by Officer White.
10. When Plaintiff neared the platform at the top of the steps, he paused in the hallway for about five seconds while Sgt. Dunn ascended the steps. Then, with Officer White and Sgt. Dunn behind him, Plaintiff entered the platform at the top of the stairway, still dragging his sack behind him. *Page 5 
11. Without a pause at the top of the stairway, Plaintiff, in one motion, released his grip on the sack behind him and dived off of the platform down the stairway. Within two seconds after standing at the top of the stairway, without any hitch in his path down, Plaintiff was on the concrete floor at the bottom of the stairway in a heap.
12. Based upon a thorough review of the stipulated surveillance footage, the undersigned finds that Plaintiff intentionally threw himself down the stairs. Plaintiff did not take the first step down the stairs. Rather, he launched himself from the top. The Full Commission further finds that, even with his hands cuffed behind his back, if Plaintiff had accidentally fallen, he could have and would have made some effort at self-preservation as he went down the stairs, and he would not have reached the bottom within two seconds.
13. Plaintiff initiated his dive down the stairway so quickly upon entering the platform, neither Officer White nor Sgt. Dunn had the opportunity to get a hold of Plaintiff to assist him down the stairs.
14. Plaintiff was taken to a hospital and diagnosed with a concussion. He also claims ongoing pain in his neck, low back, shoulders, wrists and knees related to the incident.
15. Plaintiff was sent for psychological evaluation on the date of the incident, with a follow-up two days later.
16. As Sgt. Dunn testified, Plaintiff's sustaining an injury could have resulted in him not being recommended for intensive control in the STG disciplinary process.
17. Plaintiff was eventually referred to the STG program and successfully completed it. He was also charged with self-injurious behavior arising out of the April 3, 2007 incident, but that investigation lapsed.
 *********** *Page 6 
The foregoing Stipulations and Findings of Fact engender the following additional:
 CONCLUSIONS OF LAW
1. Any breach of the duty of reasonable care on the parts of Officer White and/or Sgt. Dunn did not actually or proximately cause any injuries Plaintiff sustained in his dive down the stairway on April 3, 2007.
2. Rather, it was Plaintiff's own intentional conduct that actually and proximately caused his dive down the stairway and any injuries related thereto.
3. As such, Plaintiff is not entitled to recover any damages from Defendant under the Tort Claims Act. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff's claim must, under the law, be and hereby is DENIED and DISMISSED WITH PREJUDICE.
2. Each party shall bear its own costs. As Plaintiff was allowed to proceed in forma pauperis, he is not responsible for any costs.
This the __ day of December 2009.
 S/__________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/__________ BERNADINE S. BALLANCE COMMISSIONER
 S/__________ STACI T. MEYER COMMISSIONER